# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF DELAWARE

SHELLY ANN POND,

    Plaintiff

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC.,

    Defendant

: JURY TRIAL DEMANDED
: (Unlawful Debt Collection Practices)
:
: C.A. NO.

## C O M P L A I N T

COMES NOW the Plaintiff, SHELLY ANN POND, and her attorneys, KIMMEL & SILVERMAN, P.C., and for her Complaint against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, Plaintiff alleges the following:

### JURISDICTION AND VENUE

1. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

2. Defendant conducts business in the State of Delaware, and therefore, personal jurisdiction is established.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

4. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

## PARTIES

5. Plaintiff, SHELLY ANN POND, is an adult individual who resides at 13993 Jana Circle, Seaford, Delaware, 19973.

6. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

7. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "Defendant") is a debt collection company with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia, 23502.

8. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that Defendant held itself out to be a company collecting a consumer debt allegedly owed to another.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

10. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

11. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

12. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

13. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

14. At all pertinent times hereto, Defendant was allegedly hired to collect a debt relating to a credit card that was allegedly originally owed to CitiFinancial/Sleep Country.

15. The alleged debt at issue arose out of transactions that were primarily for personal, family or household, purposes.

16. Defendant and others it retained began in or around December 2009, began contacting Plaintiff seeking and demanding payment for an alleged consumer debt incurred on a CitiFinancial/Sleep Country credit card account.

17. Defendant contacted Plaintiff at an unusual time by calling her at 7:45 a.m.

18. When Plaintiff informed Defendant that it had contacted her before 8:00 a.m., Defendant became argumentative with Plaintiff.

19. Plaintiff disputed owing the alleged debt.

20. Plaintiff explained to Defendant that, in 2005, when her husband passed away, any account they had with CitiFinancial would have been paid in full by an insurance policy; Plaintiff has no recollection of having any account with Sleep Country.

21. Defendant did not investigate the matter; instead, Defendant threatened Plaintiff that her wages would be garnished if she did not pay the alleged debt and that it could commence legal action against her for nonpayment of the alleged debt.

22. Defendant threatened to report the alleged debt on Plaintiff's credit report, despite knowing that Plaintiff disputed the alleged debt.

23. Also, Defendant left Plaintiff several voice mail messages on her home telephone.

24. In each of the voice mail messages, Defendant threatened Plaintiff that a warrant would be issued for her arrest for nonpayment of the alleged debt.

25. Additionally, on or about December 28, 2009, Defendant sent correspondence to Plaintiff, disguising its attempts to collect a debt, as a "Resolution for your 2010 Resolution!" See Exhibit A, the December 28, 2009, correspondence.

26. In its letter to Plaintiff, Defendant claimed that "New years are all about new beginnings, and we are committed to helping you achieve the peace of mind with having resolved your outstanding account." See Exhibit A, the December 28, 2009, correspondence.

27. Defendant did not notify Plaintiff of her rights to dispute the debt or to request validation of the debt.

28. In addition, to further confuse Plaintiff, in the December 28, 2009, letter, Defendant misrepresented the name of the original creditor to Plaintiff, claiming that the original creditor was "CitiFinancial/SLEEP COUNTRY WEBSITE." See Exhibit A, the December 28, 2009, correspondence.

## CONSTRUCTION OF APPLICABLE LAW

29. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); *Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993).

30. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §§1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

31. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Id*. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. *Clomon*, 988 F. 2d at 1318.

## COUNT I

32. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a. Communicating with Plaintiff in connection with the collection of a debt at an unusual time or which should be known to by inconvenient to the consumer, specifically contacting Plaintiff at 7:45 a.m., in violation of 15 U.S.C. § 1692c(a)(1);

b. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

c. Using language the natural consequence of which is to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

d. Using false, deceptive, or misleading representations or means, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

e. Falsely representing the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2)(A);

f. Representing or implicating that nonpayment of a debt will result in the arrest or imprisonment of Plaintiff or the seizure, garnishment, attachment of wages of Plaintiff, in violation of 15 U.S.C. § 1692e(4);

g. Threatening to take action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

h. Falsely representing or implicating that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7);

i. Communicating or threatening to communicate to any person credit information which is know or which should be known to be false, including

the failure to communicate that a disputed debt is disputed, in violation of 15 U.S.C. § 1692e(8);

j. Using false representations or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10);

k. Using unfair and unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f; and

l. Failing to provide, within five (5) days after its initial written communication with Plaintiff, written notice containing information on Plaintiff's right to dispute the debt, request validation, or request the name of the original creditor, in violation of 15 U.S.C. §1692g(a).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SHELLY ANN POND, respectfully prays that judgment be entered against the Defendant for the following:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Any other relief

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

DATED: April 30, 2010          KIMMEL & SILVERMAN, P.C.

By: s/ Kate Shumaker
    Kate Shumaker
    Kimmel & Silverman, PC
    Silverside Carr Executive Center
    501 Silverside Road
    Suite 118,
    Wilmington, DE 19809
    (302) 791-9373 phone
    (302) 791-9476 fax